UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GREGORY BRADLEY,

    Plaintiff,

v.   Case No. 3:17cv251-RV-CJK

SUSAN PRIDDY, et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATION

On August 15, 2017, the undersigned entered an order (doc. 6) noting a previous order (doc. 4) in which he advised that plaintiff's motion to proceed *in forma pauperis* was inadequate and that a complete application to proceed *in forma pauperis* includes a motion with supporting affidavit and a prisoner consent form and financial certificate with attachments. The undersigned observed that plaintiff had submitted an incomplete financial certificate, indicating authorized officials refused to sign it or provide him with a printout of the transactions in his inmate trust account, and informed plaintiff his case cannot proceed until all of the forms are submitted, fully completed. The undersigned directed plaintiff to resubmit his request and, in

the event prison officials again refused to provide him the requested documentation, submit a statement to that effect along with a copy of his request.

Plaintiff again filed an incomplete motion, but he attached a number of documents, one of which indicates a prison official previously signed a Financial Certificate but would not sign the one plaintiff submitted because it was blank and another of which indicated plaintiff had already been provided a printout of the transactions in his inmate trust account and would not be provided an additional copy at no cost. Plaintiff also indicated he was being released from prison on June 2, 2017, and requested to "prove [his] motion to proceed in forma pauperis, and [his] financial situation to proceed in this 1983 Civil Rights Complaint Form."

The undersigned allowed plaintiff 10 days in which to file a complete application to proceed *in forma pauperis*, demonstrate his inability to do so through no fault of his own, or pay the $400.00 filing fee. After more than 10 days passed and plaintiff failed to comply, the undersigned entered another order (doc. 7) directing plaintiff to show cause within 14 days why the matter should not be dismissed for failure to prosecute and/or failure to comply with an order of the court and advising that should he fail to do so, the undersigned would recommend, without further notice, that the matter be dismissed.

Case No. 3:17cv251-RV-CJK

The show cause order was returned as undeliverable, with a notation plaintiff was "Not in Jail," *see* doc. 9, as was the order regarding plaintiff's motion to proceed *in forma pauperis*, *see* doc. 8.  The clerk of court thus mailed both documents to a home address plaintiff provided.  *See* doc. 5-1.  Again, the mail was returned as undeliverable.  *See* doc. 10.  Based on the court's inability to contact plaintiff, completion of the preliminary screening process under 28 U.S.C. § 1915(e)(2) or the issuance of any other order would be futile.

Accordingly, it is respectfully RECOMMENDED:

1.  That plaintiff's complaint (doc. 1) be DISMISSED WITHOUT PREJUDICE for plaintiff's failure to keep the court apprised of his mailing address.

2.  That the clerk be directed to close the file.

DONE AND ORDERED this 4th day of October, 2017.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:17cv251-RV-CJK

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.**